**STATE**

v.

**Jose PAGAN.**

No. 2003–632–C.A.

Supreme Court of Rhode Island.

Dec. 21, 2009.

Virginia M. McGinn, Department of Attorney General, for Plaintiff.

Paula Rosin, Office of the Public Defender, for Defendant.

Present: SUTTELL, C.J., GOLDBERG, FLAHERTY, and ROBINSON, JJ.

## O P I N I O N

Justice ROBINSON for the Court.

The defendant, Jose Pagan, appeals from his conviction by a jury in the Washington County Superior Court on a charge of breaking and entering with felonious intent in violation of G.L. 1956 § 11–8–4. This case came before the Supreme Court for oral argument pursuant to an order directing the parties to show cause why the issues raised in this appeal should not be summarily decided. After examining the written and oral submissions of the parties, we are of the opinion that the appeal may be resolved without further briefing or argument. For the reasons hereinafter set forth, we affirm the judgment of the Superior Court.

### Facts and Travel

On the morning of July 13, 1998, the manager of Greg's Seafood Restaurant in Westerly, Rhode Island, discovered that the restaurant had been broken into. He noted that the back door had been pried open and that the safe was missing. The safe, which had been anchored to a concrete floor, had contained approximately $21,000 in receipts, credit card stubs, checks, and cash. The investigating officers at the crime scene found evidence of forced entry, and they also observed cut telephone wires, as well as a hole in the floor where the safe had been.

On September 10, 1998, a warrant for Mr. Pagan's arrest was issued by a judge of the Connecticut Superior Court in connection with a number of break-ins that had occurred in that state. On the authority of that warrant, defendant was arrested on September 10, 1998 by Detective Gregg Brigandi of the West Hartford (Connecticut) Police Department.

Before being questioned by Detective Brigandi at the West Hartford police station, defendant was advised of his *Miranda* rights,[1] and he then signed a waiver form. The defendant proceeded to give an oral statement to Detective Brigandi. That statement was subsequently reduced to writing in a document in which Detective Brigandi paraphrased what defendant had stated orally.[2] In his statement to Detective Brigandi, Mr. Pagan admitted, *inter alia*, to breaking into Greg's Seafood Restaurant in July of 1998. The defendant was thereafter charged by criminal information in Rhode Island with breaking and entering with felonious intent in connection with the alleged break-in at the restaurant.

In February of 2003, Mr. Pagan's case was reached for trial before a jury in the Washington County (Rhode Island) Superior Court. Before the commencement of his trial, defendant filed a motion to suppress the incriminating statement that he had made to Detective Brigandi after his arrest in Connecticut in September of

---

1. *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

2. The defendant had told Detective Brigandi that he could neither read nor write.

1998. After a hearing before a justice of the Superior Court, defendant's motion to suppress was denied. Thereafter, a jury trial was held, at the conclusion of which defendant was found guilty as charged.

The solitary issue on appeal is whether the trial justice erred in denying defendant's motion to suppress the above-referenced incriminating statement. Mr. Pagan contends that the prosecution failed to prove that his arrest in Connecticut was lawful; on the basis of that allegedly unlawful arrest, he further contends that his post-arrest incriminating statement to the West Hartford police should have been suppressed.

## Standard of Review

 In reviewing a motion to suppress a statement, this Court will reverse a trial justice's determination only if "(1) his or her findings concerning the challenged statements reveal clear error, and (2) our independent review of the conclusions drawn from the historical facts establishes that the defendant's federal constitutional rights were denied." *State v. Garcia*, 743 A.2d 1038, 1044 (R.I.2000); *see also State v. Vieira*, 913 A.2d 1015, 1020 (R.I.2007) (stating that, after conducting a deferential review of the findings of historical fact relative to the voluntariness of the confession, we then "conduct a *de novo* review of the conclusions that the trial justice drew from those historical facts as to the voluntariness *vel non* of defendant's confession"); *State v. Briggs*, 756 A.2d 731, 736 (R.I.2000).[3]

## Analysis

 At his suppression hearing in the Washington County Superior Court, Mr. Pagan asserted that the warrant issued by a judge of the Connecticut Superior Court to authorize his arrest should not be deemed valid because (1), in defendant's view, the warrant was not specific enough (in that it simply referred to "Jose Pagan of Hartford" with no mention of a date of birth); (2) the signature of the Connecticut Superior Court judge who issued the warrant was illegible; and (3) the court in Washington County was not supplied with a clerk-certified copy of the document upon which the arrest was based. The defendant then argued that, if the arrest warrant was invalid (as he contended it was), it follows that any statement that he made as a result of that arrest should be suppressed as the fruit of an illegal arrest.

At the suppression hearing, the trial justice at first expressed concern over the fact that the prosecution had not provided the court with the Connecticut arrest warrant and the affidavit in support thereof.[4] The trial justice requested that the prosecution produce at least a copy of the document, and he allowed the trial to proceed in the interim. Later that day, the prosecution produced a copy of the document, and it sought to call Detective Brigandi as a witness in order to authenticate the arrest warrant and supporting affidavit. Detective Brigandi testified that, acting in accordance with the trial justice's request earlier that day, he had asked the West Hartford Police Department to locate Mr. Pagan's arrest warrant; shortly thereafter a facsimile copy of the warrant was introduced as an exhibit. Although he was unable to identify which Connecticut judge had signed the document, Detective Brigandi was able to identify the prosecutorial

---

**3.** In addition, we are mindful of the principle that the prosecution has the burden of proving voluntariness by clear and convincing evidence. *State v. Dennis*, 893 A.2d 250, 261 (R.I.2006).

**4.** In Connecticut, an arrest warrant and the affidavit in support thereof are combined as one single document.

official's signature on the document as well as the signatures of the two affiants.

After considering the testimony of Detective Brigandi and after reviewing the copy of the arrest warrant and supporting affidavit that the prosecution had produced at his request, the trial justice expressly found that document to be a "truthful, exact copy of an original that was executed * * * in advance of the defendant's arrest." The trial justice further found that the document had "all of the indicia of * * * [re]liability and credibility." On the basis of those findings, the trial justice held that defendant had not been subjected to an illegal arrest in violation of his Fourth Amendment rights.

In support of his contention that the trial justice erred in finding that his arrest in Connecticut was not illegal, defendant directs our attention to *State v. Taylor*, 621 A.2d 1252 (R.I.1993). In *Taylor*, this Court noted that "[i]t is well-settled law that when a state intends to justify an arrest on the basis of a warrant, the burden is on the state to produce the warrant and supporting affidavit in order that the trial court can determine whether the warrant was properly issued and constitutionally sufficient." *Id.* at 1254. The defendant's reliance on the *Taylor* case is misplaced, however, because in the instant case the prosecution did eventually produce a copy of the document that contained both the arrest warrant and the supporting affidavit (*see* footnote 4, *su-*

*pra*). After examining that document and after considering the testimony of Detective Brigandi, the trial justice determined that "the warrant met all the technical requirements for its validity." *See id.* We perceive no basis in the record for holding that the trial justice was clearly erroneous when he concluded that Mr. Pagan's arrest was legal.

We also note that, while operating under the clear and convincing evidence standard, the trial justice found that the defendant made his incriminating statement to Detective Brigandi of the West Hartford Police Department "knowingly and voluntarily after a full opportunity of being advised of his *Miranda* warnings."[5] After independently reviewing that conclusion reached by the trial justice on the basis of his findings of historical fact, we are convinced that there is no evidence that the defendant's constitutional rights were violated.

## Conclusion

For the foregoing reasons, we affirm the judgment of the Superior Court. The record may be remanded to that tribunal.

---

**5.** In his brief, defendant makes note of his testimony that he had been under the influence of alcohol when he was taken to the police station. The trial justice found that the amount of alcohol which Mr. Pagan testified to having consumed could not have vitiated "an otherwise knowing and voluntary confession." Even if this finding is properly before us (*but see Wilkinson v. State Crime Laboratory Commission*, 788 A.2d 1129, 1132 n. 1 (R.I.2002)), we perceive no clear error with respect to same.